**Kwaco ATIBA, Appellant,**

v.

**WASHINGTON HOSPITAL CENTER,
et al., Appellees.**

No. 10–CV–622.

District of Columbia Court of Appeals.

Argued Sept. 21, 2011.

Decided May 17, 2012.

C. Jude Iweanoge, with whom Charles C. Iweanoge and John O. Iweanoge II, were on the brief, for appellant.

Crystal S. Deese, Rockville, MD, for appellees.

Before FISHER, Associate Judge, and STEADMAN and REID, Senior Judges.*

STEADMAN, Senior Judge:

On January 26, 2010, Appellant Kwaco Atiba filed a medical malpractice action against appellees Washington Hospital Center ("the Hospital") and Michelle Grant–Ervin, M.D., relating to services rendered between October 27 and November 2, 2006. The trial court granted the Hospital's motion for summary judgment based on appellant's failure to file the complaint within the period allowed by the applicable statute of limitations. Before filing a medical malpractice action, a plaintiff must give "not less than" ninety days' advance notice to the intended defendants. D.C.Code § 16–2802 (2009 Supp.). If, as was the case with appellant, such notice is given within ninety days prior to the expiration of the applicable statute of limitations, the time for the commencement of the action is "extended 90 days from the date of the service of the notice." D.C.Code § 16–2803 (2009 Supp.). Appellant filed his complaint on the ninety-first day after service of the notice was effected on October 27, 2009, which the trial court ruled was one day too late. Appellant

* Judge Reid was an Associate Judge, Retired, at the time of argument. Her status changed to Senior Judge on December 12, 2011.

asserts that it was impossible to comply with the required ninety days' advance notice and yet file the complaint within the ninety-day extended period of limitations. We disagree with appellant's interpretation of the relevant statutory provisions, which creates an unnecessary conflict between them, and thus affirm the trial court's grant of summary judgment.

■ We begin with the statute of limitations period itself. For medical malpractice actions, the period of limitations is the default period of three years. D.C.Code § 12–301(8) (2009 Supp.); *see, e.g., Burns v. Bell*, 409 A.2d 614, 617 (D.C.1979).[1] Such statutes are strictly construed in accordance with their terms. *See Maupin v. Haylock*, 931 A.2d 1039, 1043 (D.C.2007) (upholding summary judgment where a defamation claim was one day outside of the statute of limitations period); *Sayyad v. Fawzi*, 674 A.2d 905, 906 (D.C.1996) (per curiam) (rejecting equitable tolling because it was "bound by th[e] strict adherence to statutes of limitations"); *DeKine v. District of Columbia*, 422 A.2d 981, 986 (D.C. 1980) (dismissing a claim as untimely when it was filed one day late). D.C.Code § 16–2803 is utterly clear in its operation: "If the notice required under § 16–2802 is served within 90 days of the expiration of the applicable statute of limitations, the time for the commencement of the action shall be extended 90 days from the date of the service of the notice." There is no leeway in the interpretation of this provision.[2]

We turn then to the notice statute. Appellant's case rests on his interpretation of the statutory provision requiring advance notice of the intention to file a medical malpractice action. In pertinent part, D.C.Code § 16–2802(a) reads: "Any person who intends to file an action in the court alleging medical malpractice against a healthcare provider shall notify the intended defendant of his or her action not less than 90 days prior to filing the action." Appellant argues that D.C.Code §§ 16–2802 and –2803 could not both be satisfied because the statute of limitations expired on day ninety, while the earliest he could file his action and be in compliance with the notice statute was the day after ninety full days had passed. Appellant argues that since he was required to serve the intended defendant "not less than 90 days prior to filing the action," he was precluded from filing his complaint on day ninety. D.C.Code § 16–2802.

The problem that is presented is sometimes called the "clear day" issue. *See Mayor of Oakland v. Mayor of Mountain Lake Park*, 392 Md. 301, 896 A.2d 1036, 1042 (2006). Where a certain action is required to take place a given amount of time before another action may take place (for example, five days), must five full (that is, "clear") days elapse between the two actions, thus constituting, in effect, a period of five full days and a fraction, or is the first or last day included in the period of computation, thus effectively reducing the period to four days and a fraction?

■ We hold that ninety clear days are not required to pass prior to the filing of the law suit. To require ninety clear days would create a square conflict between the two statutory provisions, a conflict the Council of the District of Columbia could

1. No argument is made that the discovery rule extended the period of limitations in this case.

2. Thus, appellant's argument that somehow this provision can be construed to extend the period not from the date of service of the notice, but instead from the date when the statute of limitations would otherwise expire, is without any merit. We also reject appellant's alternative argument that the filing of the notice "tolled" the statute of limitations for 90 days.

not have intended. Under such an interpretation, an absurd outcome would result because the extension provision of D.C.Code § 16–2803 would have been inoperable upon promulgation. The Council made clear by enacting § 16–2803 that it intended an operable extension of the statute of limitations period and would not have drafted a provision with no practical effect. Therefore, it is apparent by the construction of the statutes that the Council did not intend to require ninety clear days to pass prior to the filing of a lawsuit. *See In re O.L.*, 584 A.2d 1230, 1241 (D.C.1990) ("If the plain meaning of [a statute] w[as] incompatible with the other sections either by thwarting their objective or yielding an absurd or unjust result, when read in their light, a narrowing construction would be required."); *United States v. Edelen*, 529 A.2d 774, 778 (D.C. 1987) (when one statute is read in conjunction with another statute, a plain meaning interpretation may be compelled).

The presumed intent of the Council is amply supported by case law here and elsewhere. We have previously had occasion to address the "clear day" issue in *Belton v. United States*, 580 A.2d 1289, 1292 & n. 5 (D.C.1990). There, we noted with approval the maxim that

> [i]n the absence of anything showing an intention to count only 'clear' or 'entire' days, it is generally held that in computing the time for performance of an act or event which must take place a certain number of days before a known future

day, one of the terminal days is included in the count and the other is excluded. *Id.*(quoting 74 Am.Jur. 2d *Time* § 15, at 598 (1974)); *see also* J.A. Bock, Annotation, *Inclusion or Exclusion of First and Last Days in Computing the Time for Performance of an Act or Event Which Must Take Place a Certain Number· of Days Before a Known Future Date*, 98 A.L.R.2d 1331, § 3 (1964).[3] In *Belton*, the statute at issue provided that the certificate of a chemist's analysis of a controlled substance had to be provided to defense "no later than 5 days prior to trial." 580 A.2d at 1291. We held that where the trial was held on Thursday, November 3, the government was required to deliver the certificate by Thursday, October 27, which, excluding the two weekend days, met the statutory "5 days" prior to the trial date. *Id.* at 1291–92 (a "clear-day" application would have required notice to be given by Wednesday, October 26).[4]

The Maryland Court of Appeals recently provided a thorough discussion of a similar "not less than" time period computation in *Mayor of Oakland v. Mayor of Mountain Lake Park*, 392 Md. 301, 896 A.2d 1036 (2006). In *Mayor*, the court was tasked to determine the method of calculating a statute which required that a hearing "shall be set for not less than 15 days after the fourth publication of ... notices." *Id.* at 1042. The court addressed at length the question whether the phrases "at least" and "not less than" were meant to invoke the clear-day rule. *Id.* at 1045–48. Citing

---

3. A line of older cases in our jurisdiction may, at first blush, appear to conflict with the holding in *Belton*. *See Camalier & Buckley–Madison, Inc. v. Madison Hotel, Inc.*, 168 U.S.App. D.C. 149, 158–59 & n. 63, 513 F.2d 407, 416–17 & n. 63 (1975) (citing a series of District of Columbia cases). However, those cases, interpreting a statutory provision requiring thirty days notice to terminate a lease, turned on the nature of the landlord-tenant relationship and an intent to require "full days" notice.

4. In *Belton*, we cited to Super. Ct.Crim. R. 45(a) as providing guidance in the interpretation of the statute, noting that while the language of the rule did not precisely cover the situation, the "rationale" of the rule was applicable in light of the obvious purpose of the statute. The same may be said here with respect to the comparable Super. Ct. Civ. R. 6(a).

a number of cases in other jurisdictions to the same effect, the court concluded that "the use of the phrase 'at least,' 'not less than,' or 'within,' is, standing alone, insufficient to indicate a legislative intent to deviate from the uniform method for computation of time as set out [in the statute]." *Id.* at 1048.[5]

Nothing in the legislative history that is cited to us gives any indication of a desire to impose a "clear day" notice requirement. The addition of phrases such as "at least" and "not less than" in front of a stated time period would be naturally read as intending no more than to clarify that the required action may be taken prior to the designated minimum date. Most importantly, to construe the notice statute as requiring ninety clear days prior to the filing of the law suit would create the square conflict discussed *supra* between the two statutory provisions. In this case, the ninetieth day, January 25, 2010, did not fall on a Saturday, Sunday, or legal holiday, nor does appellant contend that the court was closed for any reason, and so it must be included in the computation. *Id.* Appellant, therefore, could have complied with both §§ 16–2802 and –2803 by filing his lawsuit on January 25, 2010.

It may be true that filing the complaint on any date prior to January 25 would have violated the 90–day notice requirement of § 16–2802, and any date after January 25 was untimely. However, this court has previously noted that such an interpretation of the statute is not unreasonable. *Lacek v. Washington Hosp. Ctr. Corp.,* 978 A.2d 1194, 1199 (D.C.2009) ("While the Council, with greater foresight, might reasonably have fashioned a more forgiving extension of the statute of limitations, we are not persuaded that the

result ... is unreasonable....."). As *Lacek* itself noted, any harshness from such a rule was reduced, because if a plaintiff had any doubt or difficulty with the notice period, he could ask for a waiver in filing the suit on the ninetieth day. *See* D.C.Code § 16–2804(b) (2009 Supp.). In any event, virtually all plaintiffs should be able to give the notice much earlier than ninety days prior to the expiration of the statute of limitations and will have no need to rely on D.C.Code § 16–2803.

The trial court's order granting summary judgment is

*Affirmed.*

---

5. Involved in the decision was another Maryland statute that set forth a general method for calculating a time period similar to that contained in Super. Ct.Crim. R. 45 and Super. Ct. Civ. R. 6(a). *See supra* note 4. The Maryland court interpreted that general statutory provision as rejecting the clear day rule.