Sylvia B. LEWIS, Appellant,

v.

WASHINGTON HOSPITAL
CENTER, Appellee.

No. 12–CV–1178.

District of Columbia Court of Appeals.

Submitted May 23, 2013.

Decided Oct. 3, 2013.

Michael R. Murphey, Washington, DC, was on the brief for appellant.

Crystal S. Deese and Matthew J. Focht, Rockville, MD, were on the brief for appellee.

Before THOMPSON and McLEESE, Associate Judges, and NEBEKER, Senior Judge.

McLEESE, Associate Judge:

Generally, one who intends to file a medical malpractice suit against a healthcare provider is required to provide notice of intent to sue at least ninety days before filing suit. D.C.Code § 16–2802(a) (2012 Repl.). Appellant Sylvia Lewis did not comply with that requirement. This case presents the question whether the trial court had authority to waive the notice requirement "in the interests of justice," pursuant to D.C.Code § 16–2804(b) (2012 Repl.). The trial court initially ruled that it had such authority, and found that a waiver of the notice requirement would be in the interests of justice under the circumstances of this case. Subsequently, the trial court granted appellee Washington Hospital Center's motion to reconsider, concluded that it lacked authority to grant such a waiver, and dismissed the action. We agree with the trial court's initial ruling and therefore reverse.

## I.

In initially denying the hospital's motion to dismiss, the trial court ruled that D.C.Code § 16–2804(b) allowed a waiver of the notice requirement in D.C.Code § 16–2802(a) "if the interests of justice dictate."[1] The trial court also found that the interests of justice dictated a waiver in the circumstances of this case.

The hospital filed a motion to reconsider. In its motion, the hospital argued that § 16–2804(b) permits waiver only in cases involving "an otherwise unknown or unlicensed defendant, or a misnomer." Because this case did not involve an unknown or unlicensed defendant or a misnomer, the hospital contended that an "interests of justice" waiver was not available. Rather, according to the hospital, this case was governed by § 16–2802(a), which permits a waiver of the notice requirement only "[u]pon a showing of a good-faith effort to give the required notice...." Because no such showing had been made in this case, the hospital contended that dismissal was required.

The trial court granted reconsideration and dismissed the action. The trial court concluded that "the more reasonable reading of §§ 2802(a) and 2804(b) is that the first provision creates only a 'good faith effort' exception and that the 'interest[s] of justice' exception in the second provision applies only in cases implicating one or more of the special circumstances identified in § 2804(a)(1)-(3)."

## II.

We review de novo an order granting a motion to dismiss. *Chamberlain v. American Honda Fin. Corp.*, 931 A.2d 1018, 1022 (D.C.2007). Moreover, the proper interpretation of statutory provi-

---

1. Section 16–2802(a) provides:

   Any person who intends to file an action in the court alleging medical malpractice against a healthcare provider shall notify the intended defendant of his or her action not less than 90 days prior to filing the action.... Upon a showing of a good faith effort to give the required notice, the court may excuse the failure to give notice within the time prescribed.

   Section 16–2804 provides:

   (a) Section 16–2802 shall not apply to:
   (1) Any intended defendant whose name is unknown or who was not licensed at the time of the alleged occurrence or is unlicensed at the time notice is given;
   (2) Any claim that is unknown to the person at the time of filing his or her notice; or
   (3) Any intended defendant who is identified in the notice by a misnomer.
   (b) Nothing indicated herein shall prevent the court from waiving the requirements of § 16–2802 upon a showing of good faith effort to comply or if the interests of justice dictate.

sions is a question of law that we resolve de novo. *McNeely v. United States,* 874 A.2d 371, 387 (D.C.2005).

■ In interpreting § 16–2802(a) and § 16–2804(b), we seek to make sense of the provisions taken together. *See, e.g., Adgerson v. Police & Firefighters' Ret. & Relief Bd.,* 73 A.3d 985, 992 (D.C.2013) ("It is a well-accepted tenet of statutory construction that, whenever possible, a statute should be interpreted as a harmonious whole.") (internal quotation marks omitted). Considered in isolation, § 16–2802(a) appears relatively straightforward. It generally requires pre-suit notice, but permits a waiver of that requirement "[u]pon a showing of a good faith effort to give the required notice." Section 16–2804(a) seems similarly straightforward, carving out three specific exceptions to the notice requirement of § 16–2802(a): (1) an intended defendant whose name is unknown or who was unlicensed at the pertinent times; (2) a claim that was unknown at the time of filing; and (3) an intended defendant who is identified by a misnomer.

The difficulty arises when § 16–2804(b) enters the picture. As previously noted, § 16–2804(b) provides: "Nothing indicated herein shall prevent the court from waiving the requirements of § 16–2802 upon a showing of good faith effort to comply or if the interests of justice dictate." Read most narrowly, § 16–2804(b) does not affirmatively grant authority to excuse compliance with the notice requirement, but rather (a) assumes that some other provision grants authority to waive the notice requirement if there is a good-faith effort to comply or if the interests of justice

dictate, and (b) provides that nothing indicated "herein" precludes the exercise of that authority.[2] There does not appear to be any preexisting authority, however, permitting waiver of § 16–2802(a)'s notice requirement in the interests of justice; § 16–2802(a) authorizes a waiver only "[u]pon a showing of a good faith effort to give the required notice." Reading § 16–2804(b) most narrowly would therefore render the "interests of justice" language a complete nullity. *See In re Jacoby,* 945 A.2d 1193, 1198 (D.C.2008) (recognizing "the familiar maxim of statutory interpretation that counsels us to consider the statute as a whole, and, if possible, discern an interpretation that will harmonize and accord full force and effect to all of its provisions, without rendering any part meaningless"). In any event, the trial court did not adopt such an interpretation, nor does the hospital argue that § 16–2804(b) should be read so narrowly. It thus is common ground that § 16–2804(b) is properly read to confer authority to waive the notice requirement in the interests of justice, and the dispute is over the scope of that authority.

■ Under the somewhat broader reading that the trial court adopted, § 16–2804(b) is understood as affirmatively granting trial courts the authority to waive the notice requirement in the interests of justice, but that authority is limited to cases in which "a plaintiff almost, but not quite, fits in one [of the] three situations [enumerated in § 16–2804(a)]." This reading also presents difficulties. The text of

---

2. We note that the meaning of the word "herein" in § 16–2804(b) is far from clear. *See generally, e.g., Black's Law Dictionary* 795 (9th ed.2009) ("herein" "is inherently ambiguous"); *Adams v. City of Hobart,* 166 Okla. 267, 27 P.2d 595, 599 (1933) ("The meaning of the word 'herein' in legal phraseology is to

be determined by the context. It may refer to the single section or to the chapter or to the article or to the whole enactment in which it is used.... It has frequently been held to refer to the entire act rather than the particular section in which it appears.").

§ 16–2804(b) contains no such limitation.[3] Nor is it immediately apparent how courts could determine whether a plaintiff who did not qualify for the exceptions provided in § 16–2804(a) nevertheless came close enough to doing so to be eligible for an "interest of justice" waiver. Finally, it is not clear why the legislature would enact a broad "interests of justice" standard for circumstances that almost qualify for the exceptions provided in § 16–2804(a) but a narrower "good faith effort" standard for other circumstances in which notice is not provided as required under § 16–2802(a).

A third approach—the one originally adopted by the trial court—is to read § 16–2804(b) as generally authorizing waiver of the notice requirement of § 16–2802(a) in the interests of justice. Such a reading avoids the difficulties presented by the two alternative readings previously considered. Moreover, such a reading is linguistically tenable. Taking as a given that § 16–2804(b) affirmatively confers authority in at least some circumstances to grant an "interests of justice" waiver of the notice requirement, the text does not identify a clear limit to that authority. On the other hand, reading § 16–2804(b) as creating a generally applicable waiver provision would make superfluous the "good faith effort" waiver language in § 16–2802(a), because § 16–2804(b) refers not only to the interests of justice but also to "good faith effort."

Consideration of the language, logic, and structure of § 16–2802(a) and § 16–2804(b) leaves us quite uncertain as to how best to reconcile the provisions. Our prior case law does not provide a definitive answer, either. Without squarely deciding the issue, the court has in passing suggested that it viewed § 16–2804(b) as creating a generally applicable "interests of justice" exception to the notice requirement. *See Atiba v. Washington Hosp. Ctr.*, 43 A.3d 940, 943 (D.C.2012) ("if a plaintiff had any doubt or difficulty with the notice period, he could ask for a waiver in filing the suit on the ninetieth day" under § 16–2804(b)); *Lacek v. Washington Hosp. Ctr. Corp.*, 978 A.2d 1194, 1199 (D.C.2009) (§ 16–2804(b) provides "a safety net that would permit the trial court to waive the notice requirement 'if the interests of justice dictate'"). Several federal decisions also suggest—without squarely deciding the issue—that § 16–2804(b) creates a general "interests of justice" exception. *See, e.g., Carmichael v. West*, 880 F.Supp.2d 28, 34 (D.D.C. 2012) (§ 16–2804(b) "allows a court to excuse noncompliance with the notice requirement 'if the interests of justice dictate'"); *Coleman v. Washington Hosp. Ctr. Corp.*, 734 F.Supp.2d 58, 62 (D.D.C. 2010) (citing § 16–2804(b) and concluding that there was no basis to "'waiv[e] the requirements of § 16–2802,' such as a showing by plaintiff of a 'good faith effort to comply or [that] the interests of justice dictate' a waiver"); *Diffenderfer v. United States*, 656 F.Supp.2d 137, 140 n. 2 (D.D.C. 2009) (§ 16–2804(b) "allows the notice requirement to be waived 'if the interests of justice dictate'"); *Davis v. Grant Park Nursing Home LP*, 639 F.Supp.2d 60, 72

---

**3.** Section 16–2804 is titled "Unknown defendant or unlicensed defendant." Although the title of a provision can be considered in resolving ambiguity, *see Mitchell v. United States*, 64 A.3d 154, 156 (D.C.2013), § 16–2804's title sheds little light on this case. First, the title is indisputably underinclusive, given that the exceptions listed in § 16–2804(a) include unknown claims and "misno-mers," which are not referred to in the title of the section. Moreover, the parties and the trial court appropriately agree that the waiver language in § 16–2804(b) must be read to extend to some degree beyond the specific exceptions listed in § 16–2804(a), because when the exceptions apply there is no need for a waiver.

n. 10 (D.D.C.2009) ("A court may waive the requirements of Section 2802 'upon a showing of good faith effort to comply or if the interests of justice dictate.' "). One district-court decision, however, suggests in dicta that § 16–2804(b) should be read more narrowly. *Brashear v. United States,* 847 F.Supp.2d 41, 48 (D.D.C.2012) ("While Plaintiff argues that § 16–2804(b) permits the Court to excuse any noncompliance with the notice provision as long as the interests of justice dictate, the Court believes that is too broad a reading. Section 16–2804 is entitled 'Unknown defendant or unlicensed defendant.' This, in combination with the fact that § 16–2802 makes an explicit exception to the notice requirement for 'good faith effort' but not for the interests of justice, suggests that § 16–2804(b)'s 'interests of justice' exception applies only to circumstances similar to those enumerated in § 16–2804(a).... The Court need not decide, however, whether § 16–2804(b) applies here....").

We find substantial assistance, however, from the legislative history of § 16–2804(b). *See generally, e.g., Burke v. Groover, Christie & Merritt, P.C.,* 26 A.3d 292, 296 (D.C.2011) ("[W]e also consult the legislative history of a statute for guidance as necessary.") (internal quotation marks omitted). That legislative history clearly indicates that the District of Columbia Council understood § 16–2804(b) broadly, "permit[ting] waiver of [§ 16–2802's notice] requirement by the court upon the finding of a good faith effort or if the interests of justice dictate." D.C. Council, Report on Bill 16–418 at 6 (Apr. 28, 2006). Under the circumstances of this case, we view this legislative history as providing definitive guidance in resolving the ambiguity presented by the language, logic, and structure of § 16–2802(a) and § 16–2804(b). *Cf., e.g., Richman Towers Tenants' Ass'n, Inc. v. Richman Towers LLC,* 17 A.3d 590, 615 (D.C.2011) (referring to legislative history as "in this case ... surely dispositive alone").

■ In sum, we conclude that § 16–2804(b) is properly read to authorize trial courts to waive § 16–2802(a)'s notice requirement whenever such a waiver is in the interests of justice.

### III.

■ The trial court ruled that a waiver of the notice requirement was in the interests of justice in this case for three reasons: "(a) [Ms.] Lewis failed to provide the 90–day notice due to understandable ignorance of the requirement, (b) [the hospital] does not claim any prejudice from the lack of advance notice ..., and (c) [Ms.] Lewis would be incurably prejudiced by dismissal for failure to comply with § 16–2802(a) because the three-year statute of limitations on medical malpractice actions has now run."

In contending that a waiver of the notice requirement would not be in the interests of justice, the hospital makes a single argument: Ms. Lewis's failure to provide pre-suit notice deprived the hospital of an opportunity for pre-suit mediation. The hospital does not appear to have raised this claim of prejudice in the trial court, but in any event we are not persuaded by the hospital's argument. The hospital provides no particular reason to believe that pre-suit mediation would have altered the course of this litigation. Moreover, if the mere loss of the opportunity for pre-suit mediation always foreclosed a finding that a waiver would be in the interests of justice, then the waiver provision would essentially be a dead letter, because the failure to provide pre-suit notice would in most if not all cases lead to a loss of the opportunity for pre-suit mediation. We therefore conclude that the hospital has failed to establish that the trial court

abused its discretion by finding that a waiver of the notice requirement was in the interests of justice in the circumstances of this case. *Cf., e.g., Payne v. United States,* 516 A.2d 484, 500 (D.C. 1986) (decision whether to grant motion for new trial under "interests of justice" standard "is committed to the sound discretion of the trial court and will be disturbed only for an abuse of that discretion").[4]

For the foregoing reasons, we reverse the judgment and remand for further proceedings.

*So ordered.*

4. Because the hospital challenges the trial court's interests-of-justice finding solely on the ground that the hospital was prejudiced by the loss of the opportunity for pre-suit mediation, we need not and do not address the question whether the factors the court cited in finding that a waiver was warranted in the interests of justice were sufficient to support such a finding.