# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

—

**No. 21-7075**

**September Term, 2021**

FILED ON: JULY 12, 2022

400 E STREET SW, LLC,
           APPELLANT

v.

CHEVRON U.S.A. INC.,
           APPELLEE

—

Appeal from the United States District Court
for the District of Columbia
(No. 1:20-cv-03396)

—

Before: WILKINS and WALKER, *Circuit Judges*, and RANDOLPH, *Senior Circuit Judge*.

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* FED. R. APP. P. 34(a)(2); D.C. CIR. R. 34(j). The Court has accorded the issues full consideration and determined that they do not warrant a published opinion. *See* FED R. APP. P. 36; D.C. CIR. R. 36(d). For the reasons set out below, it is

**ORDERED AND ADJUDGED** that the judgment of the District Court be **AFFIRMED**.

Between 1957 and 1994, Appellee Chevron U.S.A. Inc. ("Chevron") operated a gas station on a parcel lot in Southwest Washington, D.C. In October 2013, Appellant 400 E Street SW, LLC ("Developer") leased that property from the District of Columbia. In February and March 2014, Developer discovered three underground storage tanks and petroleum-contaminated soil on the property. On April 9, 2014, the District of Columbia Department of the Environment, Underground Storage Tank Branch ("UST Branch") issued a letter directing Chevron, "the former owner and operator of an underground storage tank system at the Property," to excavate and remove the contaminated soil, test the soil for environmental contaminants, and take other corrective actions. J.A. 18–19. The UST Branch copied Developer on the letter. The letter noted that "some of the . . . [corrective] actions may have already commenced or are currently being completed" by Developer. *Id.* at 19.

1

On October 27, 2020, Developer sued Chevron in the Superior Court of the District of Columbia, alleging injury to real property from toxic substances (count one) and violations of District of Columbia underground storage tank regulations (count two). In the complaint, Developer alleges that it took corrective actions on the property, pursuant to the UST Branch's directive letter, and incurred nearly $4 million in property restoration costs. Though Chevron was responsible for property restoration costs, Developer alleged Chevron refused to reimburse it for these costs.

Chevron removed the case to the U.S. District Court for the District of Columbia and moved to dismiss the complaint on the grounds that Developer's lawsuit is time-barred and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The District Court granted the motion and entered judgment in favor of Chevron. The District Court reasoned that the statute of limitations on Developer's claims started to run in April 2014, when the UST Branch's directive letter "gave [Developer] notice of the injury (the contaminated soil), as well as its cause and some evidence of wrongdoing (that the tanks used for Chevron's gas station may have caused the soil's contamination)." *400 E Street SW, LLC v. Chevron U.S.A., Inc.*, No. 20-CV-3396, 2021 WL 2682285, at *2 (D.D.C. June 30, 2021). But Developer did not sue Chevron until October 2020, six-and-a-half years after it discovered injury to the property. *Id.* Accordingly, the District Court held that Developer's claims are time-barred by the five-year statute of limitations for damages from injury to real property from toxic substances. *See* D.C. Code § 12-301(10). The District Court also rejected Developer's argument that a tolling order issued by the Superior Court on March 18, 2020—which tolled statutes of limitations that were set to expire during the pandemic—saved Developer's late filing. The District Court noted that the statute of limitations on Developer's claims expired nearly a year before the Superior Court paused statutes of limitations in connection with the COVID-19 pandemic. *400 E Street SW*, 2021 WL 2682285, at *2 n.3. Finally, the District Court concluded that neither of Developer's claims stated a cause of action upon which relief can be granted. Developer timely appealed, and we affirm the District Court's dismissal of the complaint because it is conclusively time-barred.

"This court reviews *de novo* the dismissal of a complaint." *Commonwealth Land Title Ins. Co. v. KCI Techs., Inc.*, 922 F.3d 459, 464 (D.C. Cir. 2019). "'[C]ourts should hesitate to dismiss a complaint on statute of limitations grounds based solely on the face of the complaint' because 'statute of limitations issues often depend on contested questions of fact.'" *Id.* (alteration in original) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996)). "[D]ismissal is appropriate only if the complaint on its face is conclusively time-barred." *Firestone*, 76 F.3d at 1209.

The D.C. Code provides that actions "for the recovery of damages for an injury to real property from toxic substances" "may not be brought" after "5 years from the date the injury is discovered or with reasonable diligence should have been discovered." D.C. Code § 12-301(10). This is consistent with the "discovery rule," which "provides that a claim does not accrue until a plaintiff knows, or by the exercise of reasonable diligence should know, of (1) an injury, (2) its cause, and (3) some evidence of wrongdoing." *See Wagner v. Sellinger*, 847 A.2d 1151, 1154 (D.C. 2004). In the District of Columbia, statutes of limitations "are strictly construed in accordance with their terms." *Atiba v. Wash. Hosp. Ctr.*, 43 A.3d 940, 941 (D.C. 2012).

2

On appeal, Developer raises several challenges to the District Court's determination that the complaint is time-barred. First, Developer insists that the statute of limitations on its claims did not begin to run in April 2014. Rather, in Developer's view, the clock started in May 2015, at which point Developer "believed it was . . . entitled to recover the costs it incurred for performing the remediation work [Chevron] was legally obligated to perform." Opening Br. at 9. Relatedly, Developer contests the District Court's conclusion that the "contaminated soil" was Developer's "injury." *See 400 E Street SW*, 2021 WL 2682285, at *2. Developer contends that the injury was not the contaminated soil, but rather Chevron's "failure to be financially responsible for [the] costs" incurred in removing the soil. Opening Br. at 10. Developer insists that this injury "did not arise until mid-2015 when [Chevron] first rejected [Developer]'s request for reimbursement." *Id.* Next, Developer maintains that the Superior Court's March 2020 COVID-19 tolling order paused the statute of limitations on its claims against Chevron. Finally, Developer argues that the doctrine of equitable tolling should apply in this case and excuse its tardy filing. We hold that none of Developer's arguments can avoid the inescapable conclusion that its lawsuit is time-barred.

Based on the factual allegations and the documents attached to the complaint, there is no question that Developer discovered the injury to the property, or "with reasonable diligence, should have . . . discovered" it, *see* D.C. Code § 12-301(10), by April 9, 2014, the date it received the UST Branch's letter. That letter (1) explicitly stated that Chevron was responsible for the release of toxic substances on the property, (2) directed Chevron to perform corrective actions, (3) "put [Developer] on notice" of "hazardous condition[s]" on the property, *see Minkoff v. Clark Transfer, Inc.*, 841 F. Supp. 424, 428 (D.D.C. 1993), and (4) acknowledged that Developer was currently undertaking efforts to restore the property. Indeed, "the plaintiff need not be fully informed about the injury for the statute to begin running; she need only have *some* knowledge of *some* injury." *Wagner*, 847 A.2d at 1154 (emphasis in original). "In short, knowledge is deemed sufficient if the plaintiff has reason to suspect that the defendant did something wrong, even if the full extent of the wrongdoing is not yet known." *Id.*

Furthermore, Developer's argument—that the injury accrued in mid-2015, when Chevron refused to reimburse Developer for property remediation costs, not when Developer discovered contaminated soil on the property, *see* Opening Br. at 10—is unsupported by the law. It is well settled that where the complaint alleges that the defendant damaged real property, the "injury" for statute of limitations purposes is the property damage itself, not the failure to reimburse the cost of repairing the property damage, *see District of Columbia Armory Bd. v. Volkert*, 402 F.2d 215, 219 (D.C. Cir. 1968) (construing D.C. Code § 12-301), and "a claim accrues for purposes of the statute of limitations at the time the injury actually occurs," *Colbert v. Georgetown Univ.*, 641 A.2d 469, 472 (D.C. 1994) (en banc). *Cf. 3M Co. v. Browner*, 17 F.3d 1453, 1460–63 (D.C. Cir. 1994) (court should look to the nature of the cause of action specified as covered by the statute of limitations to determine when the claim accrued). All in all, Developer's own allegations and the directive letter entirely undermine the assertion that the statute of limitations for Developer's claims did not start to run until May 2015.

Developer's remaining arguments similarly lack merit. First, Developer's reliance on the Superior Court's tolling order is misguided because the statute of limitations on Developer's claims expired in April 2019, nearly a year before the Superior Court's COVID-19 tolling order paused statutes of limitations that were set to expire during the pandemic. Furthermore, Developer

3

did not raise its "equitable tolling" argument in the District Court and it is therefore forfeited. *Woodruff v. Peters*, 482 F.3d 521, 525 (D.C. Cir. 2007) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below.") (internal quotation marks and citations omitted).

Consistent with the foregoing, we affirm the judgment of the District Court.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
Daniel J. Reidy
Deputy Clerk